UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SONIA JOSEPH, individually and as Special Administrator of the ESTATE OF GIOVONN JOSEPH-McDADE, and GIOVANNI McDADE, individually,<br><br>              Plaintiffs,<br><br>    v.<br><br>CITY OF KENT, a Washington municipality;<br>CITY OF KENT POLICE DEPARTMENT;<br>WILLIAM DAVIS;<br>MATTHEW RAUSCH; and<br>JOHN DOES 1-10,<br><br>              Defendants. | No.<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW<br><br>JURY TRIAL REQUESTED |

COMES NOW the above-named Plaintiffs, by and through their attorneys of record, and, by way of claim, allege, upon information and belief, as follows:

## I. PARTIES

1.    Plaintiff Sonia Joseph is the mother and Special Administrator of the Estate of Giovonn Joseph-McDade, by appointment in King County Cause No. 20-4-00763-1 SEA. She brings this lawsuit on behalf of the Estate and statutory beneficiaries of Giovonn Joseph-McDade, including herself individually.

2.    Plaintiff Giovanni McDade is the father of Giovonn Joseph-McDade.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

3.      Decedent Giovonn Joseph-McDade was twenty years-old when Defendant Kent Police Officer William Davis shot and killed him.

4.      Defendant William Davis was, at all times material to this Complaint, a police officer employed by the City of Kent. Defendant Davis was working under color of state law and within the course and scope of his employment and agency at all relevant times described herein.

5.      Defendant Matthew Rausch was, at all times material to this Complaint, a police officer employed by the City of Kent. Defendant Rausch was working under color of state law and within the course and scope of his employment and agency at all relevant times described herein.

6.      Defendants John Doe(s) 1 through 4 were employed by the City of Kent Police Department and supervised Defendants Davis and Rausch during all relevant times described herein. Defendants John Doe(s) 1 through 4 worked under color of state law and within the course and scope of their employment and agency at all relevant times described herein. These persons are not currently known to Plaintiffs. Upon discovery of their identities, Plaintiffs reserve the right to add them as Defendants in this cause of action.

7.      Defendant City of Kent is a municipality within the State of Washington and employed the police officers involved in the incident culminating in the death of Mr. Joseph-McDade described herein.  The civil rights violations enumerated herein were proximately caused by the Defendants, City of Kent and the Kent Police Department, as authorized by their customs, policies, practices, usages, and the decisions of their policymakers.

8.      Defendant City of Kent's agents, including Defendant supervisors John Doe(s) 1 through 4, were responsible for supervising the actions of the Kent police officers

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 2

SCHROETER  GOLDMARK  &  BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

described herein.  The civil rights violations enumerated herein were proximately caused by the Defendants City of Kent and the Kent Police Department's customs, policies, and practices of using and authorizing the unreasonable use of deadly force without legal cause.

9.      Defendants John Doe(s) 5 through 10 are entities and persons involved with the City of Kent who were involved in the unconstitutional reckless, wanton, unreasonable and intentional acts described herein. These entities and persons are currently unknown to Plaintiffs. Upon discovery of their identities, Plaintiffs reserve the right to add them as Defendants in this cause of action.

## II.   JURISDICTION AND VENUE

10.     Jurisdiction is vested in this Court by virtue of the Plaintiffs' allegation that Defendants Davis and Rausch used excessive force against Mr. Joseph-McDade in King County, State of Washington, violating 28 U.S.C. § 1983 (civil action for deprivation of civil rights) giving rise to jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1342(a) (original jurisdiction for civil rights violation).

11.     This action is brought pursuant to 42 U.S.C. § 1983 for the violation of Mr. Joseph-McDade's rights contained in the Fourth and Fourteenth Amendments to the United States Constitution.

12.     The Court has original jurisdiction over the Plaintiffs' claims for the violations of the United States Constitution and the decedent Mr. Joseph-McDade's civil rights, pursuant to 28 U.S.C. §§ 1331, 1343, and 1376.

13.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 3

SCHROETER  GOLDMARK  &  BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

14.     Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because:

a.      At least some of the individual Defendants are believed to reside in this judicial district;

b.      The City of Kent is located within the judicial district;

c.      The Plaintiffs reside/ed in the judicial district; and

d.      The events and omissions giving rise to the claims alleged here occurred within the judicial district.

### III.   STATUTORY COMPLIANCE

15.     On or about February 14, 2020, Plaintiffs sent an administrative claim form via first-class mail to Defendant City of Kent.  The claim form was received by the City of Kent on or about February 20, 2020. Over sixty (60) days have gone by without resolution of the claims.

16.     All prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly been satisfied.

### IV.   JURY DEMAND

17.      Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby request a jury trial.

### V.   STATEMENT OF FACTS

18.     City of Kent Police Department officers targeted twenty-year-old Giovonn Joseph-McDade because he looked suspicious while parked in his car in a gas station parking lot on June 24, 2017. After initiating a traffic stop for an expired vehicle registration—a non-moving traffic violation—the officers engaged in a police chase of Mr. Joseph-McDade. Less than three minutes after initiating contact with him, the officers boxed in Mr. Joseph-

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 4

SCHROETER  GOLDMARK  &  BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

McDade's vehicle in a residential cul-de-sac, stood near the front passenger side of Mr. McDade's car, and shot him as he attempted to drive away. Mr. Joseph-McDade was unarmed. The officers' conduct in initiating the pursuit, conducting the chase, and repeatedly using lethal force, violated City of Kent Police Department policy and ultimately violated Mr. Joseph-McDade's civil rights to be free from unreasonable seizure and deprivation of his life without due process of law.

19.     In the early morning hours of June 24, 2017, Defendant Matthew Rausch was working patrol duty for the City of Kent Police Department. While on duty, Defendant Rausch was wearing his Kent Police Department-issued uniform and was driving a fully marked police department patrol vehicle.

20.     In the early morning hours of June 24, 2017, Defendant William Davis was working patrol duty for the City of Kent Police Department.  While on duty, Defendant Davis was wearing his Kent Police Department-issued uniform and was driving a fully marked police department patrol vehicle. On this same shift, Kent Police Department civilian employee, AnnaMaria Decker, was riding as a passenger in Defendant Davis's vehicle.

21.     At **12:05 a.m.** on June 24, 2017,  Defendant Rausch saw a 1994 Honda Accord parked near the gas pumps in the ARCO AM/PM gas station parking lot located at 10402 SE 256th St., Kent WA.  For the next several minutes, Defendant Rausch watched the driver and passenger inside the Honda Accord.  Defendant Rausch later reported that he found it suspicious that, while he was watching them, the driver and passenger seemed nervous and one of them "had a scared look on his face." Defendant Rausch also subsequently noted that he believed the driver's behavior was "odd," and that the driver "appeared as if he was trying to avoid being stopped or confronted by me."

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 5

22.     While Defendant Rausch thought the driver and occupant's looks were suspicious, no facts existed that would provide legal authority to stop them and inquire further.

23.     At **12:16:31 a.m.**, Defendant Rausch attempted a traffic stop on the Honda Accord for the reported reason of an expired and cancelled vehicle registration.  The traffic stop occurred in the parking lot of the Applebee's restaurant located at 25442 104th Ave. SE, Kent, WA.

24.     After stopping the Honda Accord, Defendant Rausch requested fellow Kent Police Department officers assist him with the traffic stop for an expired and cancelled registration.

25.     Defendant Rausch's request for assistance was identified as a "Kent Police Priority 2."  Kent Police Department policy establishes that a "Priority 2" call "represents a minimal hazard" with considerably less potential for life and/or property loss than a confirmed or potential emergency call. Department policy further defines a "Priority 2" call as representing "minimal risk to officers."

26.     After being stopped, the driver of the Honda Accord got out of the car and attempted to speak with Defendant Rausch.  Defendant Rausch immediately got out of his patrol vehicle and ordered the driver to get back inside of his car.

27.     At **12:16:38 a.m.**, Defendant Davis confirmed he was driving to the Applebee's parking lot to provide assistance.  At the time Defendant Davis and civilian employee Decker were en route to the Applebee's parking lot, the only information known to them was that Defendant Rausch had stopped the Honda Accord for a traffic violation. Defendant Davis received no information that there was any suspicion of criminal activity,

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 6

SCHROETER  GOLDMARK  &  BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1    nor did he have any information to suggest any occupant of the Honda Accord was in

2    possession of a weapon.

3        28.    At **12:17:03 a.m.**, Defendant Rausch reported on the Computer Aided

4    Dispatch (CAD) that the driver of the Honda Accord had driven away and he was engaged in

5

6    a "pursuit" on Washington State Route 515 (104th Ave. SE, Kent, WA).

7        29.    Officer Rausch's decision to engage in a vehicle pursuit violated Kent Police

8    Department Policy #15.50 in that he failed to balance his desire to apprehend Mr. Joseph-

9    McDade against the greater concern for the safety of the public. Officer Rausch failed to

10   consider, as required by Kent Police Department Policy #15.50, enumerated factors that

11   dictated a pursuit should not be initiated under the circumstances. Specifically, Officer

12

13   Rausch failed to consider: the "nature and seriousness of the initial offense"—a non-moving

     traffic violation; the fact that it was unknown why the suspect fled; and the absence of any

14

15   objective need for immediate apprehension of the driver of the Honda Accord.

16       30.    Defendants Rausch and Davis narrated the events attending their pursuit over

17   the CAD at the time, or immediately after, the events occurred.

18       31.    Defendant Rausch confirmed there was no other traffic on the road during the

19   pursuit.

20

21       32.    The speeds of the pursuit ranged between twenty and sixty miles-per-hour on

22   the main thoroughfares. The speeds decreased to less than twenty miles-per-hour when

23   driving in the residential neighborhood areas.

24       33.    There were zero uninvolved vehicles or pedestrians identified as being present

25   on the road during the police pursuit.

26

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

34.     There were zero uninvolved vehicles or pedestrians identified as being endangered during the police pursuit.

35.     There was no Kent Police Department-commissioned supervisor actively monitoring and providing directives to Defendant Rausch or Davis, in violation of Kent Police Department Policy #15.50.

36.     At **12:17:53 a.m.**, Defendant Rausch first attempted to use lethal force when he tried to ram his police vehicle into the Honda Accord via a Pursuit Intervention Technique (PIT).

37.     At **12:18:15 a.m.**, the Honda Accord drove westbound on 244th St and 100th Ave.  When the Honda Accord reached a roundabout in the road, Defendant Davis strategically positioned his police vehicle in a way that forced the Honda Accord to enter the cul-de-sac at the 9900 block of SE 244th.

38.     In order to avoid collision, the driver of the Honda Accord entered the cul-de-sac at the 9900 block of SE 244th at a speed of approximately ten miles-per-hour.

39.     Shortly before **12:18:27 a.m.**, Defendant Rausch again used lethal force via another PIT maneuver.  This second use of lethal force caused the Honda Accord to spin, but the car remained operable.

40.     Defendants Rausch and Davis attempted to prevent the Honda Accord's exit from the end of the cul-de-sac by strategically positioning their police vehicles to box in the Honda Accord.

41.     Defendants Rausch and Davis violated Kent Police Department Policy #15.130 when they failed to receive approval of a commissioned supervisor prior to using the vehicle boxing forcible stopping technique.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

42.     After the Honda Accord entered the cul-de-sac, there was no further direct communication between Defendants Rausch and Davis, nor did they use their mobile data terminals or radio traffic to communicate with each other. Officer Rausch did not communicate to Officer Davis any basis for a reasonable suspicion that the occupants of the Honda Accord were implicated in anything graver than a traffic violation.

43.     By persisting in chasing the Honda Accord when the danger of continuing the pursuit outweighed the immediate necessity of arresting the suspect for a non-moving traffic violation, Officers Rausch and Davis violated Kent Police Department Policy #15.50 regarding mandatory pursuit termination.

44.     In the cul-de-sac, Defendant Davis got out of his police vehicle and approached the Honda Accord with his gun drawn, and used it to strike and shatter the driver's side window of the Honda Accord.

45.     While Defendant Davis had his gun drawn, he was able to see both a driver and passenger in the car. Defendant Davis was able to visually confirm that no person inside the Honda Accord possessed any weapons. Defendant Davis was also able to see that the driver had his hands up and crossed in front of his face.

46.     A few moments later, the Honda Accord driver placed the car in reverse, then forward, in an attempt to drive the car through the space between the two police vehicles.

47.     At **12:18:27 a.m.**, Defendant Rausch delivered a third lethal force maneuver against the Honda Accord by driving his police SUV directly into the driver's side door. This use of lethal force severely damaged Defendant Rausch's patrol vehicle's front bumper and

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 9

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

push bar. The lethal force used caused the push bar to bend up at an angle from right to left and also caused a portion of the push-bumper on the right side to detach.

48.     Officer Rausch's performance of three PIT maneuvers violated Kent Police Department Policy #15.130 regarding forcible stopping in that his use of the PIT maneuvers was not objectively reasonable under the circumstances. Pursuant to Department Policy #15.130, Officer Rausch was to consider the "risk of bodily injury presented to the fleeing suspect by use of the forcible stopping technique in light of the threat to the officer or the public presented by the fleeing suspect's actions." The continued movement of Mr. Joseph-McDade's vehicle, following a traffic stop for a non-moving traffic violation, presented no objective risk of serious physical injury or death to the officers or public, given the low speeds at which the Honda Accord was traveling and the absence of vehicle or pedestrian traffic in the vicinity.

49.     At the same time Defendant Rausch crashed into the Honda Accord, Defendant Davis was preparing to fire his gun at the driver. Within seconds of Defendant Rausch crashing into the Honda Accord, Defendant Davis fired two bullets through the windshield of the Honda Accord.

50.     Defendant Davis fired two shots from outside the front passenger side of the Honda Accord, through the windshield, with no concern for the life or safety of the passenger. The bullets entered at an angle, traveling through the car to hit the driver once in the side of his chest, grazing his arm, and once in the heart and lung.

51.     Moments before **12:18:48 a.m.**, just over two minutes after Defendant Davis agreed to provide assistance for an expired and cancelled vehicle registration, he fatally shot and killed the driver of the Honda Accord, Giovonn Joseph-McDade.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 10

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

52.     After Mr. Joseph-McDade was shot, his car moved past the Defendants'
police vehicles and into a nearby park where it came to rest.

53.     Pursuant to Kent Police Department Policy #15.130, Officer Rausch's PIT
maneuvers were required to meet deadly force requirements when contact was made with
occupied center areas of the suspect vehicle, or striking occurred at speeds higher than
twenty miles-per-hour. The evidence demonstrates that Officer Rausch's PIT maneuvers met
the policy threshold for requiring satisfaction of deadly force requirements.

54.     Both in executing PIT maneuvers considered deadly force under Kent Police
Department Policy #15.130 and in firing shots at the occupants of the Honda Accord,
Officers Rausch and Davis violated Kent Police Department Policy regarding the use of
deadly force.

55.     Pursuant to Kent Police Department Policy #3.80, the officers were not
authorized to use deadly force because there was no need to act in self-defense of a fleeing
vehicle; there was no objectively reasonable basis to believe the officers or any other
individual was in immediate danger of death or great bodily harm; there were no facts known
to either officer supporting probable cause to believe the suspect had committed a crime
involving the infliction or threatened infliction of great bodily harm; the suspect's escape
posed no imminent threat to others; and there were other reasonably safe means to prevent
the suspect's escape, such as immobilizing the vehicle through non-lethal stopping
techniques, including roadblocks/blockades and spike strips.

56.     Officers Rausch and Davis violated Kent Police Department Policy #3.10 in
deploying deadly force that was objectively unreasonable under the circumstances, as deadly

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 11

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

force was not reasonably necessary to effect a lawful arrest, defend the officers or others from violence, or to restore order or otherwise accomplish police duties according to law.

57.     Defendant Officer Rausch ignored City of Kent Police Department Policy regarding use of deadly force through his continued escalation of the situation without an objectively reasonable basis.

58.     At approximately **7:30 a.m.**, Associate King County Medical Examiner, Dr. Timothy L. Williams, pronounced Mr. Joseph-McDade dead at the location where he was shot.

59.     On June 26, 2017, Dr. Williams performed an investigative autopsy of Mr. Joseph-McDade.

60.     Dr. Williams found that Mr. Joseph-McDade was shot during a confrontation with law enforcement. Dr. Williams also found the cause of death was multiple gunshot wounds to the central chest and right lateral chest.  Dr. Williams confirmed the manner of Mr. Joseph-McDade's death was homicide.

61.     After the shooting, Defendant Davis provided a statement to investigators at the scene of the shooting.

62.     On June 29, 2017, Defendant Davis submitted a compelled statement after being advised of his *Garrity* rights.

63.     On June 29, 2017, Defendant Rausch submitted a compelled statement after being advised of his *Garrity* rights.

64.     Upon information and belief, none of the Defendants were subject to any discipline as a result of their role in causing Mr. Joseph-McDade's unjustified and unnecessary death.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 12

SCHROETER  GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

65.     At no time during the Defendant Officers' pursuit of the Honda Accord did a City of Kent Police Department representative engage in active supervision of either the pursuit, boxing, or lethal force tactics.

66.     Contrary to City of Kent Police Department policy, Defendants Rausch and Davis did not receive supervisor approval to engage in the pursuit of the Honda Accord.

67.     Contrary to City of Kent Police Department policy, Defendant Rausch did not receive supervisor approval to attempt the use of lethal force via the PIT maneuver during the pursuit.

68.     Contrary to City of Kent Police Department policy, Defendant Davis did not call for a supervisor upon seeing Defendant Rausch's use of lethal force via the PIT maneuver.

69.     Throughout the pursuit, the officers had numerous opportunities to deescalate the encounter, and act responsibly and consistently with clearly-articulated, reasonable police procedures.

70.     A reasonable police officer would not have conducted the three PIT maneuvers against Mr. Joseph-McDade's car as Defendant Rausch did.

71.     A reasonable police officer would not have initiated or maintained a chase ("vehicle pursuit") when: there was a civilian rider in one of the responding officer's patrol vehicles; the initial offense was merely a traffic violation; there were no facts known to the responding officers informing a reasonable suspicion of criminal activity; the responding officers did not know why the suspect was driving away from the parking lot where the traffic stop was initiated; there was no need for immediate apprehension; and there was no

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 13

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

danger to either of the responding officers or public if the suspect was not apprehended immediately.

72.     A reasonable police officer would not have shattered Mr. Joseph-McDade's window, causing him to fear for his life.

73.     A reasonable police officer would not have fired a gun into a moving vehicle with a passenger and placing the passenger in extreme danger.

74.     A reasonable police officer would not have attempted to stop a vehicle that was only a few feet away from him by shooting the driver, without issuing any verbal warning, nor to fire into a moving vehicle while that same vehicle was being rammed by another officer.

75.     At the time Mr. Joseph-McDade was shot, he did not possess a firearm or other weapon, and no firearm was found in his vehicle.

76.     At the time Defendant Davis shot Mr. Joseph-McDade, reasonable alternatives to lethal force were available.  Defendant Davis made no attempt to deescalate the contact with Mr. Joseph-McDade, but rather rapidly escalated the encounter through his actions, including the use of deadly force.

77.     All three attempts of lethal force by Defendant Rausch were contrary to the City of Kent Police Department Policy #15.130 Forcible Stopping Policy that was in effect on June 24, 2017.

78.     When conducting its official review of the shooting, Defendant City of Kent found the officers' uses of deadly force justified, including Defendant Davis shooting through the passenger side windshield at Mr. Joseph-McDade. In doing so, the City of Kent

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW – 14

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

ratified the shooting and affirmed that Mr. Joseph-McDade's death was in accordance with the policies, practices, and customs of the City of Kent.

79.     The City of Kent Police Department failed to adequately train, supervise, and discipline its officers and also ratified Defendants Davis and Rausch's conduct.  As a result, the City of Kent is liable for the unlawful death of Mr. Joseph-McDade.

80.     The City of Kent was deliberately indifferent to the fact that its inadequate, incomplete, and reckless policies, procedures, and customs would be the animating force behind its officers using unnecessary and unreasonable force.

81.     The City of Kent's ratification of the shooting continues, as the City of Kent maintains the shooting was justified. The City of Kent's review of the incident failed to address the series of Department policy violations that escalated the events and culminated in the use of lethal force.

82.     Refusal to scrutinize the statements of the Defendant Officers and contrast their statements to the physical evidence demonstrates the City of Kent's continued deliberate indifference and/or negligence as it concerns the training, supervision, and discipline of the City of Kent's officers who use excessive force, or foreseeably create situations likely to lead to great bodily harm, injury, or even death.

83.     During the course of the chase, the events preceding the shooting, and during the shooting, Mr. Joseph-McDade experienced significant pain, suffering, and fear for the imminent loss of his life.

84.     As a result of the shooting and loss of her son, Sonia Joseph lost her parental relationship with Giovonn Joseph-McDade. She has suffered, and continues to suffer, serious emotional distress and harm as a result of the Defendants' conduct.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 15

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

85.     As a result of the shooting and loss of his son, Giovanni McDade lost his parental relationship with Giovonn Joseph-McDade. He has suffered, and continues to suffer, serious emotional distress and harm as a result of the Defendants' conduct.

### VI.   FIRST CAUSE OF ACTION
### (Federal Civil Rights Violation Under 42 U.S.C. § 1983)

86.     Each of the paragraphs of this Complaint is incorporated herein.

87.     By virtue of the facts set forth above, the Defendants are liable for compensatory and punitive damages for subjecting, or causing to be subjected, Mr. Joseph-McDade, a citizen of the United States, to a deprivation of the rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable seizures of his person, and to be free from deprivation of his life. Defendants deprived Mr. Joseph-McDade of these particular rights by engaging in an unreasonable, dangerous and violent vehicle pursuit and performing a seizure of Mr. Joseph-McDade in an unreasonable, dangerous, and violent manner, and by shooting Mr. Joseph-McDade without legal cause or justification. Defendants Davis and Rausch took actions that no reasonable police officer would undertake, in violation of clearly established law, with willfulness and reckless indifference to the rights of others. Defendants are liable pursuant to law for depriving Giovonn Joseph-McDade of his life, liberty, and property, and for punitive damages, compensatory damages, and reasonable attorneys' fees and costs.

88.     By virtue of the facts set forth above, Defendants are liable for compensatory and punitive damages, for subjecting, or causing to be subjected, Giovonn Joseph-McDade, a citizen of the United States, to a deprivation of the right guaranteed by the Fourteenth

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 16

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from the deprivation of his life, liberty, and property without due process of law.

89.     The conduct described in this Complaint was undertaken pursuant to the policies, practices, and customs of the City of Kent, such that the City of Kent is liable because:

a.      The City of Kent, through its approval of the Defendant Officers' actions, has ratified their conduct by indicating that the Defendant Officers acted pursuant to the policies, customs, and practices of the Department;

b.      As a matter of both policy and practice, the City of Kent encourages, and is thereby the animating force behind, the specific misconduct at issue here by failing to adequately train, supervise, control and discipline its officers, such that its failure to do so manifests deliberate indifference;

c.      The City of Kent's failure to supervise, control and discipline, as a matter of both policy and practice, facilitated the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be meaningfully scrutinized and, thereby, directly encouraging future uses of excessive force such as those Plaintiffs complain of; and

d.      The City of Kent maintains written policies, but they were patently deficient and/or ignored by the Defendants with regard to the events described herein.

90.     As a proximate result of the City of Kent's policies and practices, and the unjustified and unreasonable conduct of the Defendant Officers, Plaintiffs suffered injuries, including pain, suffering, emotional distress, death, and a host of other harms.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 17

SCHROETER  GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## VII.   SECOND CAUSE OF ACTION
### (Failure to Intervene)

91.    Each of the paragraphs of this Complaint is incorporated herein.

92.    In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendants had the opportunity to intervene to prevent the violation of Mr. Joseph-McDade's constitutional rights, but failed to do so.

93.    As a direct and proximate result of the Defendants' failure to intervene to prevent the violation of Mr. Joseph-McDade's constitutional rights, Mr. Joseph-McDade suffered injuries, including, but not limited to, physical harm, emotional distress, and death. The Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

94.    The misconduct described in this Complaint was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Mr. Joseph-McDade's clearly established constitutional rights.

95.    Defendants are liable for depriving Mr. Joseph-McDade of his life, liberty and property and for punitive damage, compensatory damages, and reasonable attorneys' fees and costs.

## VIII.   THIRD CAUSE OF ACTION
### (State Law Claim)
### *Negligence*

96.    Each of the paragraphs of this Complaint is incorporated herein.

97.    The City of Kent, through its officers, owes a duty of care to residents of the City of Kent, including Mr. Joseph-McDade, to not cause unnecessary foreseeable harm in the course of law enforcement interactions, including the use of excessive force.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 18

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

98.     The Defendant Officers, acting as agents of the City of Kent, breached that duty of care by engaging in a course of conduct that unreasonably escalated the encounter to the use of deadly force.

99.     The City of Kent breached its duty of care to prevent foreseeable harm to Mr. Joseph-McDade.

100.     This breach proximately caused Mr. Joseph-McDade's severe injuries and death.

101.     The City of Kent is liable to the Estate of Mr. Joseph-McDade for the negligent actions of its officers, which proximately caused him injury and death.

102.     The City of Kent is liable to Plaintiff Sonia Joseph for the negligent actions of its officers, which proximately caused injury to her child and destroyed her parent-child relationship.

103.     The City of Kent is liable to Plaintiff Giovanni McDade for the negligent actions of its officers, which proximately caused injury to his child and destroyed his parent-child relationship.

104.     During the course of the chase and shooting, Mr. Joseph-McDade experienced unthinkable pain, suffering, and fear for the imminent loss of his life.

105.     By virtue of the facts set forth above, Kent Police Officer Defendant Rausch, Kent Police Officer Defendant Davis, and the City of Kent are liable to Mr. Joseph-McDade and his survivors for compensatory damages for negligently causing the death of Mr. Joseph-McDade.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 19

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

## IX.   FOURTH CAUSE OF ACTION
### (State Law Claim)
### *Outrage*

106.     Each of the paragraphs of this Complaint is incorporated herein.

107.     By virtue of the facts set forth above, Kent Police Officer Defendant Davis, Kent Police Officer Defendant Rausch, and the City of Kent are liable to Mr. Joseph-McDade for compensatory damages for the tort of outrage because of the extreme and outrageous nature of their actions, which recklessly inflicted severe injuries and death.

## X.   FIFTH CAUSE OF ACTION
### (State Law Claim)
### *Wrongful Death*

108.     Each of the paragraphs of this Complaint is incorporated herein.

109.     All Defendants are liable for damages arising from the Defendant Officers' unlawful conduct that caused Mr. Joseph-McDade's death in that his injuries and death were caused by the Defendant Officers' wrongful acts, neglect, carelessness, unskillfulness, or default while the Defendant Officers were acting as agents of the City of Kent.

110.     The Defendant Officers' actions as described in this Complaint were a substantial factor in bringing about Mr. Joseph McDade's death, and without those actions, his death would not have occurred.

111.     Ms. Sonia Joseph has suffered loss of companionship and mental anguish as a result of the wrongful death of her son.

112.     Mr. Giovanni McDade has suffered loss of companionship and mental anguish as a result of the wrongful death of his son.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 20

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## XI.   SIXTH CAUSE OF ACTION
### (State Law Claim)
#### *Survival*

113.    Each of the paragraphs of this Complaint is incorporated herein.

114.    Sonia Joseph is the legal representative authorized to pursue these claims against the Defendants.

115.    Prior to his death, Mr. Joseph-McDade suffered serious personal injuries, including but not limited to, severe pain and emotional distress.

116.    Defendants are liable for these damages arising from the Defendant Officers' unlawful conduct that caused Mr. Joseph-McDade's severe pain and emotional distress in that Mr. Joseph-McDade's injuries were caused by the Defendant Officers' wrongful acts, neglect, carelessness, unskillfulness, or default while acting as agents of the City of Kent.

117.    The Defendant Officers' actions as described in this Complaint, including the failure to deescalate the actions at the scene, were a proximate cause in bringing about the injuries described herein, and without those actions, the injuries would not have occurred.

## XII.   SEVENTH CAUSE OF ACTION
### (State Law Claim)
#### *Indemnification*

118.    Each paragraph of this Complaint is incorporated herein.

119.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers acted at all relevant times within the scope of their employment for the City of Kent.

120.    As a result, pursuant to state law, the City must indemnify the Defendant Officers for any judgment against them.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 21

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

## XIII.   PRAYER FOR RELIEF

2       WHEREFORE, Plaintiffs request relief as follows:

3       121.    General damages and special damages;

4
        122.    Punitive damages from the individual Defendants on Plaintiffs' claims under
5
6   42 U.S.C. § 1983;

7       123.    Costs, including reasonable attorney fees and litigation costs, under 42 U.S.C.

8   § 1988 and to the extent otherwise permitted by law;

9       124.    Any and all applicable interest on the judgment;

10      125.    Should a judgment be entered against the City of Kent, Plaintiffs request

11  injunctive relief so that the policies, practices, and customs of the Department that led to the
12
    tragic death of Giovonn Joseph-McDade can be reformed to prevent further damage to the
13
14  community in the future; and

15      126.    Such other relief as may be just and equitable.

16  DATED this 22nd day of May, 2020

17                                      Schroeter Goldmark & Bender

18

19

20                                      _____
                                        CRAIG A. SIMS, WSBA #28267
21                                      KAITLIN T. WRIGHT, WSBA #45241
                                        SCHROETER, GOLDMARK & BENDER
22                                      810 Third Avenue
                                        Seattle, WA  98104
23                                      Phone (206) 622-8000
                                        Fax (206) 682-2305
24                                      Email: csims@sgb-law.com
                                               wright@sgb-law.com
25                                      *Counsel for Plaintiffs*

26

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND
WASHINGTON LAW – 22